THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL DE MACEDO MONTEIRO<br><br>       Plaintiff,<br><br>v.<br><br>ALPARGATAS, S.A.<br><br>       Defendant. | Civil Action No.: 1:21-cv-2192 |

## NOTICE OF REMOVAL

Defendant, Alpargatas, S.A. ("Alpargatas") files this notice of removal of the above-captioned matter from the New York County Supreme Court to the United States District Court for the Southern District of New York.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it presents a federal question. *See also* 9 U.S.C. § 203. Alpargatas has met and conferred with counsel for Mr. Monteiro, who does not object to removal. The grounds for removal are set forth in more detail below.

### I.    BACKGROUND

1. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all relevant pleadings and documents filed and served to date in this action are attached as **Exhibits 1** and **2**.

2. Plaintiff Daniel De Macedo Monteiro filed this action on December 24, 2020 against Alpargatas under the caption *Daniel De Macedo Monteiro v. Alpargatas, S.A.* in the New York County, Case No. 657276/2020. *See* Exhibit 1 (complaint).

3.       Alpargatas agreed to accept service on February 12, 2021, and the parties agreed to extend the time to answer, move, or otherwise respond to the complaint until May 13, 2021. *See* Exhibit 2 (stipulation).

## II.      **THIS COURT HAS SUBJECT MATTER JURISDICTION AND REMOVAL IS PROPER**

4.       Removal is proper because this case presents a federal question. *See* 28 U.S.C. § 1331. This subject matter of this suit falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958. *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."). This is commonly referred to as the "New York Convention."

5.       The Convention authorizes removal so long as the case "relates to an arbitration agreement or award falling under the Convention." *See* 9 U.S.C. § 205; *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 863 F. Supp. 2d 351, 354 (S.D.N.Y. 2012) ("Whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit").

6.       A case falls under the New York Convention where it (a) deals with "an arbitration agreement" that (b) arises "out of a legal relationship . . . which is considered as commercial," and (c) is not "entirely between citizens of the United States." *Id.* § 202; *see generally CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017).[1] These requirements are satisfied here:

---

[1] Alpargatas disputes that Mr. Monteiro, a non-signatory, has any standing to rely on the arbitration clause or to bring a case against Alpargatas. But Mr. Monteiro's complaint alleges the presence of an arbitrable dispute, and the New York Convention requires the court to assess the complaint and petition for removal when determining whether removal is proper. *See* 9 U.S.C. § 205; *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 100 (2d Cir. 2001). Thus, Mr. Monteiro's allegations — though incorrect — constitute a basis for removal. Through removal, Alpargatas neither waives defenses, nor consents to personal jurisdiction.

a. The complaint purportedly relates to an arbitration agreement between Alpargatas, on the one hand, and on the other hand, companies with which Mr. Monteiro claims to have been affiliated. *See* Exhibit 1 ¶ 7. The complaint alleges that the arbitration was terminated by the American Arbitration Association in December 2020. *Id*.

b. The claims alleged in the Complaint arise out of a contractual relationship to distribute footwear in the territories of Nicaragua and Mexico between entities with which Mr. Monteiro claims to have had an interest and Alpargatas. *See* Exhibit 1 ¶ 4.

c. Alpargatas is a foreign company incorporated in the state of Brazil. *See* Sau Paulo Alpargatas, S.A., SEC CIK No. 0001446101, available at https://sec.report/CIK/0001446101; *see also CBF Industria*, 850 F.3d at 71 (finding jurisdiction where case involved "Brazilian corporate entities").

7. Removal is timely. Unlike some actions, the case can be removed "at any time before the trial." 9 U.S.C. § 205. Nevertheless, this notice is being filed within 30 days of service of the complaint, *see* Exhibit 2, and is therefore also timely under the general removal statute. *See* 28 U.S.C. § 1446(b).

### III. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK

8. Venue is proper because the Southern District of New York "embraces the place designated in the agreement as the place of arbitration," 9 U.S.C. § 204, which is New York City, *see* Exhibit 1 ¶ 7.

9. The removal of this action to this Court is also proper under 28 U.S.C. § 1441(a) because the New York County Supreme Court is within the Southern District of New York.

10. Counsel for Alpargatas hereby certifies that it will file a copy of this Notice of Removal with the Clerk of New York County Supreme Court and provide notice of this filing to the plaintiff, as required by 28 U.S.C. § 1446(d).

11. Alpargatas requests a jury trial.

## IV. CONCLUSION

12. Because all requirements to remove this action have been satisfied, Alpargatas removes the above-captioned matter from the New York County Supreme Court to the United States District Court for the Southern District of New York.

Dated: March 12, 2021

Respectfully submitted,
**DLA PIPER LLP (US)**

*/s/ Leon Medzhibovsky*
Leon Medzhibovsky
Kiera S. Gans
John O. Wray
1251 Avenue of the Americas
New York, NY 10014
(212) 335-4847
John.Wray@us.dlapiper.com

*Counsel for Defendants
Alpargatas, S.A.*