# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
DANIEL DE MACEDO MONTEIRO,

          Plaintiff,

    -against-

ALPARGATAS, S.A.,

          Defendant.
------------------------------------------------------------------------X

Index No. _____

Date Purchased: _____

**SUMMONS**

Plaintiff designates New York County as the place of trial

To the above named Defendant on the Complaint:

    You are hereby summoned to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with the Summons, to serve a notice of appearance, on the attorneys for the Plaintiff within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of the venue designated is that a substantial part of the events or omissions giving rise to the claim in the Complaint occurred in New York County.

Dated:   New York, New York
         December 24, 2020

                                                GUARINO & CO. LAW FIRM, LLC

                                               By: *[signature] Charles D. Hellman*
                                               Charles D. Hellman
                                               535 Fifth Avenue, 4th Floor
                                               New York, New York 10017
                                               (973) 348-6008
                                               *Attorneys for Plaintiff*
                                               *Daniel De Macedo Monteiro*

Defendant's Address:

Avenida Doutor Cardoso de Melo, 1336, 14° -- Vila Olímpia
04548-004   São Paulo, Brazil

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DANIEL DE MACEDO MONTEIRO, | : |
| Plaintiff, | : Index No. |
| -against- | : |
| ALPARGATAS, S.A., | : **COMPLAINT AND DEMAND** |
| | : **FOR TRIAL BY JURY** |
| Defendant. | : |

Plaintiff Daniel De Macedo Monteiro ("Monteiro"), by and through his undersigned counsel, by way of Complaint against defendant Alpargatas, S.A. ("Alpargatas"), alleges and states:

1. Alpargatas is a Brazilian corporation with its principal place of business and headquarters at Avenida Doutor Cardoso de Melo, 1336, 14°--Vila Olímpia, 04548-004, São Paulo, Brazil. It manufactures and distributes footwear under the Havaianas and Dupe brands. As alleged in Count One, Alpargatas engaged in a breach of contract and other wrongful conduct within the State of New York.

2. TC IMPO MEXICO ("TC Impo") was at all relevant times a Mexican corporation with an office located at Avenida Lazaro Cardenas 88, Compelmento 101, Colonia Vertiz Navarte-Benito Juarez-Ciudad de Mexico-DF-CP 03600-Mexico. Monteiro is a 51% owner of TC Impo. At all relevant times, Matias Fraschini ("Fraschini") was a 49% owner.

3. DOSH SOCEDAD ANONIMA ("Dosh") (TC Impo and Dosh collectively "Companies") was at all relevant times a Nicaraguan corporation with its headquarters located at ALTAMIRA DE PALI, 1 Cuadra al Norte, 1 ½ Cuadra al Este, Casa #406, Managua, Nicaragua. Monteiro is a 51% owner of Dosh. At all relevant times, Fraschini was a 49% owner.

1

4. In September of 2014 a distributorship contract for the territory of Nicaragua was executed by Dosh with Alpargatas. In or about April 13, 2015, a distributorship contract for the territory of Mexico was executed by TC Impo with Alpargatas.

5. In 2016, after a long period of misrepresentations and other wrongful conduct, Alpargatas engaged in a course of wrongful conduct to force Monteiro out of the businesses.

6. As a shareholder and authorized representative of the Companies, and as a third-party beneficiary of the distribution contracts, and in a personal capacity, Monteiro suffered special and peculiar damage and injury resulting from the bad faith and wrongful conduct of Alpargatas. Indeed, as a result of being wrongfully squeezed out of the Companies by Alpargatas, Monteiro not only was not paid a $1.5 million sale price for his shares, which was a ridiculously low price caused by Alpargatas' wrongful conduct, but he also was damaged because he was unable to reap 51% of the ultimate sale proceeds concerning Fraschini's $15 million sale of the Companies to a third-party investor group.

7. Monteiro sought redress for the wrongs he suffered by commencing an arbitration action in New York City with the American Arbitration Association ("AAA")—as required by the distributorship contracts with Alpargatas, which were prepared by Alpargatas. Alpargatas breached the arbitration provision of the contracts in New York City, and abandoned the arbitration in New York City, by refusing to pay its fair share of the arbitration costs and fees as determined and ordered by the AAA. As a result, the arbitration was terminated by the AAA in December of 2020.

## COUNT ONE
### (Breach of Contract to Arbitrate)

8. Monteiro repeats the foregoing allegations as if fully set forth at length herein.

9. In breach of its agreements to arbitrate in New York City, in 2020 Alpargatas flatly refused to pay its share of the arbitration costs and fees as determined by the AAA.

2

10. As a result, the arbitration proceeding in New York City was terminated by the AAA in early December of 2020.

11. Alpargatas' refusal to pay its fair share of the costs and fees as determined by the AAA constituted an abandonment of the New York arbitration proceeding, and a breach in New York of the arbitration provisions.

12. Plaintiff has been damaged, as plaintiff would have been awarded in excess of $10 million in compensatory damages through the arbitration.

## COUNT TWO
### (Breach of Good Faith and Fair Dealing)

13. Monteiro repeats the foregoing allegations as if fully set forth at length herein.

14. There is implied by law in every contract a covenant of good faith and fair dealing.

15. Throughout the course of its relationship with the Companies and until termination of the relationships, Alpargatas acted in bad faith in performing and failing to perform under the distribution contracts and under its oral contracts. It also acted in breach of the covenant of good faith and fair dealing in wrongfully squeezing Monteiro out of the Companies.

16. Monteiro suffered special and peculiar damage and injury. As a result of Alpargatas' wrong conduct including wrongfully squeezing Monteiro out of the Companies, Monteiro was damaged because he was unable to reap 51% of the ultimate sale proceeds concerning Fraschini's $15 million sale of the Companies to the third-party investor group.

## COUNT THREE
### (Breach of Fiduciary Duty)

17. Monteiro repeats the foregoing allegations as if fully set forth at length herein.

18. The Companies, and Monteiro, came to repose faith, trust and confidence in Alpargatas, and were led to believe that Alpargatas would act for their benefit as exclusive

3

distributors. Indeed, Alpargatas encouraged them to so believe, and led them to believe that they were all "partners" in the distribution business.

19. Based upon the trust and confidence that Alpargatas engendered, Monteiro invested time, effort and money in his businesses, and went beyond what was required under the exclusive distributorship agreements.

20. Alpargatas owed the Companies, and Monteiro, a fiduciary duty.

21. Alpargatas breached its fiduciary duty to the Nicaraguan and Mexican Companies, and to Monteiro, by misrepresenting facts to Monteiro, wrongfully performing and failing to perform under the distribution agreements, and wrongfully squeezing Monteiro out of the Companies.

22. Monteiro suffered special and peculiar damage and injury. As a result of Alpargatas' wrongful conduct including wrongfully squeezing Monteiro out of the Companies, Monteiro was damaged because he was unable to reap 51% of the ultimate sale proceeds concerning Fraschini's $15 million sale to the third-party investor group.

## COUNT FOUR
### (Fraudulent Representations)

23. Monteiro repeats the foregoing allegations as if fully set forth at length herein.

24 Alpargatas owed the Nicaraguan and Mexican Companies and Monteiro a duty not to misrepresent facts or to deceive and mislead them.

25. Alpargatas breached the duty that it owed Monteiro and the Companies, in that it made fraudulent misrepresentations to Monteiro and omitted to disclose to him material facts of which Alpargatas had unique and superior knowledge.

26. Monteiro suffered special and peculiar damage and injury. As a result of Alpargatas' wrong conduct including wrongfully squeezing Monteiro out of the Companies, Monteiro was damaged because he was unable to reap 51% of the ultimate sale proceeds concerning Fraschini's $15 million sale to the third-party investor group.

4

## COUNT FIVE
### (Fraudulent Inducement)

27. Monteiro repeats the foregoing allegations as if fully set forth at length herein.

28. Alpargatas had a duty not to misrepresent material facts and to disclose material facts as to which Alpargatas had superior knowledge, and Monteiro reasonably relied upon it do so. Alpargatas breached the duty it owed Monteiro.

29. Alpargatas fraudulently induced Monteiro into becoming a Mexican and Nicaraguan distributor and into signing the distribution agreements, by falsely representing material facts to him.

30. Monteiro suffered special and peculiar damage and injury as a result of Alpargatas' wrongful conduct.

**WHEREFORE,** Monteiro demands an award against Alpargatas as follows:

**On Count One:** for compensatory damages in an amount exceeding $10,000,000 or such other amount as shall be proven at trial, plus attorneys' fees, interest and costs of suit.

**On Count Two:** for compensatory damages in an amount exceeding $10,000,000 or such other amount as shall be proven at trial and punitive damages, plus attorneys' fees, interest and costs of suit.

**On Count Three:** for compensatory damages in an amount exceeding $10,000,000 or such other amount as shall be proven at trial and punitive damages, attorneys' fees, interest and costs of suit.

**On Count Four:** for compensatory damages in an amount exceeding $10,000,000 or such other amount as shall be proven at trial and punitive damages, attorneys' fees, interest and costs of suit.

**On Count Five:** for compensatory damages in an amount exceeding $10,000,000 or such other amount as shall be proven at trial, plus attorneys' fees, interest and costs of suit.

**On All Counts:** for such other and further relief as may be deemed appropriate.

Dated: New York, New York
December 24, 2020

                                               GUARINO & CO. LAW FIRM, LLC
                                               *Counsel for Plaintiff*
                                               *Daniel De Macedo Monteiro*

                                               BY: *[signature]*
                                               Charles D. Hellman

                                               Guarino & Co. Law Firm, LLC
                                               535 Fifth Avenue, 4th Floor
                                               New York, New York 10017
                                               973/615-1791
                                               guarinolaw@gmail.com


## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all claims so triable.

Dated: New York, New York
December 24, 2020

                                               GUARINO & CO. LAW FIRM, LLC
                                               *Counsel for Plaintiff*
                                               *Daniel De Macedo Monteiro*

                                               BY: *[signature]*
                                               Charles D. Hellman

                                               535 Fifth Avenue, 4th Floor
                                               New York, New York 10017
                                               973/615-1791
                                               guarinolaw@gmail.com

6

# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
DANIEL DE MACEDO MONTEIRO,                :      Index No. 657276/2020
            Plaintiff,                       :
                                          :
            -against-                     :           JOINT
                                          :        STIPULATION
ALPARGATAS, S.A.,                         :
            Defendant.                       :
                                          :
------------------------------------------------------------X

    Plaintiff Daniel De Macedo Monteiro ("Plaintiff") and Defendant Alpargatas, S.A. ("Defendant"), by and through their undersigned counsel, hereby stipulate and agree that the time within which Defendant may answer, move, or otherwise respond to the Complaint is extended to May 13, 2021.

    Additionally, Defendant hereby stipulates and agrees that it shall not dispute service of process in its response to the Complaint.

    This stipulation shall not waive any rights or defenses, nor does it waive any challenge to personal jurisdiction.

Dated: February 12, 2020

| GUARINO & CO. LAW FIRM, LLC | DLA PIPER LLP (US) |
|---|---|
| By: /s/ Charles Hellman<br>Charles D. Hellman<br>535 Fifth Avenue, Fourth Floor<br>New York, New York 10017<br>guarinolaw@gmail.com<br>Tel: 973.615.1791 | By: /s/ Leon Medzhibovsky<br>Leon Medzhibovsky<br>1251 Avenue of the Americas, 27th Floor<br>New York, NY 10020<br>Leon.Medzhibovsky@us.dlapiper.com<br>Tel.: 212.335.4500 |
| *Attorney for Plaintiff Daniel De Macedo Monteiro* | *Attorney for Defendant Alpargatas, S.A.* |